OPINION
{¶ 1} On July 1, 1994, appellee, Dressler Properties, Inc., entered into a lease agreement with Ohio Heart Care, Inc. David Utlak, M.D. and appellant, Carlos Fabre, M.D., signed a guaranty of performance of the rent obligations under the lease agreement.
 {¶ 2} On February 14, 2003, appellee filed a complaint against Ohio Heart Care, Dr. Utlak and appellant for unpaid rent due and owing. On July 10, 2003, appellee filed a motion for default judgment against appellant only. By judgment entry filed July 16, 2003, the trial court granted said motion.
 {¶ 3} On August 7, 2003, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1), claiming "mistake, inadvertence, surprise or excusable neglect." By judgment entry filed October 2, 2003, the trial court denied said motion.
 {¶ 4} On October 17, 2003, appellee entered into a settlement agreement with Ohio Heart Care and Dr. Utlak, and filed a notice of voluntary dismissal with prejudice as to these two parties. The settlement involved a promissory note to appellee from Ohio Heart Care, Dr. Utlak and others, and the substitution of a new lease agreement between appellee and Ohio Heart Care, Dr. Utlak and others.
 {¶ 5} On June 1, 2004, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(4), claiming "the judgment has been satisfied, released or discharged." By judgment entry filed June 28, 2004, the trial court denied said motion.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "The trial court erred by denying appellant's motion for relief from judgment on the grounds that the judgment had been discharged."
 II {¶ 8} "The trial court erred by failing to hold an evidentiary hearing on a motion for relief from judgment where operative facts were presented supporting such relief."
 I {¶ 9} Appellant claims the trial court erred in denying his motion for relief from judgment pursuant to Civ.R. 60(B)(4). We agree.
 {¶ 10} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. Appellant based its Civ.R. 60(B) motion on the fact that "the judgment has been satisfied, released or discharged." Civ.R. 60(B)(4). In GTE Automatic Electric Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 11} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 12} Appellant does not deny that he was in default and the judgment against him was valid. Instead, appellant argues because Dr. Utlak and the collection action were dismissed with prejudice, the judgment against him, as guarantor, should be dismissed.
 {¶ 13} The guaranty in the guarantor agreement sub judice is a joint and several guaranty. It is hornbook law that discharge of the principal obligor precludes collection against the guarantor of the debt:
 {¶ 14} "The general rule is that whatever discharges the principal discharges the surety. If the principal debtor has been released by the creditor, the guarantor or the surety also will be released.
 {¶ 15} "* * *
 {¶ 16} "Generally, where the creditor makes an absolute settlement with the principal debtor, discharging it from the obligation, the guarantor or surety is also discharged, because there can then be no subrogation to the rights of the creditor against the principal for reimbursement, those rights having been extinguished by discharge of the principal debtor.
 {¶ 17} "* * *
 {¶ 18} "The general principles as to the discharge of the surety or guarantor also apply to any agreement with the principal debtor, or any other voluntary act, which precludes a creditor from proceeding against the principal debtor. Thus, if the obligee, by acquiescence in, and ratification of, the principal's default, releases the principal from liability, the surety is likewise released; similarly, if the creditor, by its own omission, loses the right of recovery against the principal, it loses the right of recovery as against the sureties also." 52 Ohio Jurisprudence 3d (1977) 358-360, Guarantee and Suretyship, Section 109.
 {¶ 19} These principles apply even if a judgment has been entered:
 {¶ 20} "Where, upon default or breach of the terms of the lease by the lessee and assignee, the lessor sues them separately for the same breach and obtains judgment against each for the same amount and subsequently makes an outright and final settlement with the assignee for a part of his claim and discharges his judgment against the assignee, even though in form he reserves in such settlement his rights and judgment against the lessee, such settlement with and discharge of the assignee will operate as a discharge of the lessee, and the lessor may not thereafter pursue the lessee for the balance of his claim." Gholson v. Savin (1941),137 Ohio St. 551, paragraph five of the syllabus.
 {¶ 21} R.C. 1303.14 governs joint and several liability. Subsection (C) states, "The discharge of one party having joint and several liability by a person entitled to enforce the instrument does not affect the right under division (B) of this section of a party having the same joint and several liability to receive contribution from the party discharged." Subsection (B) states in pertinent part, "a party having joint and several liability who pays the instrument is entitled to receive from any party having the same joint and several liability contribution in accordance with applicable law."
 {¶ 22} In this case, Dr. Utlak did not pursue the claim, nor did he file a cross-claim against appellant.
 {¶ 23} Upon review, we find the trial court erred in denying appellant's Civ.R. 60(B)(4) motion for relief from judgment.
 {¶ 24} Assignment of Error I is granted.
 II {¶ 25} Appellant claims the trial court erred in not affording him an evidentiary hearing. Based upon our decision in Assignment of Error I, we find this assignment to be moot.
 {¶ 26} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
Farmer, J. Boggins, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed.