DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, ordering partial forfeiture of a bail bond. Because the presence of the defendant at a hearing to show cause why bail forfeiture should not issue constitutes "good cause," the court's order was erroneous.
{¶ 2} Kathleen Sheldon pled guilty to cocaine possession on April 7, 2004. The court accepted the plea, but deferred sentencing until a presentence investigation could be conducted. The court continued bond from a previous order at $15,000, no ten percent allowed. On April 9, 2004, Sheldon was released on a $15,000 recognizance bond posted by appellant Anthony Harris/Allied Bail Bonds. Sheldon's release was conditioned on timely court appearances and obedience of court orders and directives.
{¶ 3} On April 30, 2004, the state moved to revoke Sheldon's bond, because she had not appeared at two presentence investigation interviews with the court's probation department and failed to appear for random drug and alcohol tests. The state also sought bond forfeiture.
{¶ 4} The court revoked Sheldon's bond and issued an arrest warrant. Sheldon was arrested the same day. Following a hearing, the court ordered appellant to appear at a June 11, 2004 hearing to show cause why the surety bond should not be forfeited.
{¶ 5} Both Sheldon and appellant were present at the June 11 hearing. Nonetheless, the court ordered $5, 000 of the bond forfeited. From this judgment, appellant now appeals. Appellant set forth the following single assignment of error:
{¶ 6} "Assignment of error No. 1
{¶ 7} "[A] A Trial court abuses its discretion when it forfeits a bond when good cause is shown when the defendant is already in custody and the "body is produced" pursuant to Ohio revised Code 2937.36
{¶ 8} "[B] A Trial court abuses its discretion when it forfeits a bond based on the behavior of the defendant as opposed to the failure to appear in court and there is lack of failure to have the "body" of the defendant in court."
{¶ 9} The purpose of bail is to insure that the accused appears at all stages of the criminal proceedings. State v. Hughes (1986),27 Ohio St.3d 19, 20; State v. Rich, 6th Dist. No. L-04-1102,2004-Ohio-5678, at ¶ 14. Crim R. 46 delineates the types of bail bond which are acceptable, the conditions of bail the court may properly impose, and the factors the court must consider in setting the amount and conditions of bail. Crim.R. 46 (A) — (C). When a defendant fails to appear or otherwise breaches a condition of bail, Crim.R. 46 (I) governs. The rule provides:
{¶ 10} "Any person who fails to appear before any court as required is subject to the punishment provided by the law, and any bail given for the person's release may be forfeited. If there is a breach of condition of bail, the court may amend the bail."
{¶ 11} According to the staff notes to the July 1, 1998 amendment to Crim.R. 46:
{¶ 12} "The amended rule permits a court to forfeit bail only upon a person's failure to appear. However, the court has the discretion not to forfeit bail and may take action to amend instead. Bail may also be amended for failure to follow any of the conditions contained in the bail order."
{¶ 13} The procedure for bail forfeiture is found in R.C. Chapter 2937. R.C. 2937.35 provides:
{¶ 14} "Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date."
{¶ 15} When there is a declaration of forfeiture, R.C. 2937.36
directs that,
{¶ 16} "* * * the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:
{¶ 17} "* * *
{¶ 18} "(C) As to recognizances [the clerk] shall notify accused and each surety by ordinary mail * * * of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, * * * why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused orotherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture * * *."
{¶ 19} If a judgment on the sureties has been entered at a hearing held pursuant to R.C. 2937.36, a surety may seek remission of the forfeiture in the event that the accused subsequently appears, surrenders or is rearrested. In that event, the court may, in its discretion, remit some or all of the forfeited bond. R.C. 2937.39.
{¶ 20} In exercising its discretion on whether to remit some or all of a forfeiture, the court should consider, 1) the circumstances of the accused's reappearance, 2) his or her reason for failing to appear, 3) the prejudice afforded the prosecution by the accused's absence, 4) whether sureties helped return the defendant, 5) mitigating circumstances, and 6) whether justice requires that the entire amount remain forfeited. State v. American Bail Bond Agency (1998),129 Ohio App.3d 708, 712-713; State v. Duran (2001),143 Ohio App.3d 601, 604; State v. Patton (1989), 60 Ohio App.3d 99,101; State v. Sexton, 4th Dist. No. 99CA19, 2000-Ohio-2006.
{¶ 21} Bail forfeiture may only be had when a defendant fails to appear before the court. The court may add other conditions of bail, but forfeiture is not available in support of these conditions. Since drug testing and treatment are expressly additional conditions pursuant to either Crim.R. 46 (B)(6) or (7), forfeiture is an unavailable remedy for their breach.
{¶ 22} Sheldon's failure to appear when directed by the court's probation department for a presentence investigation interview appears to be, at least arguably, a failure of an appearance. In this regard, however, the briefs of both parties are unhelpful. Both parties focused on the discretionary aspects of forfeiture remission, rather than whether the behavior punished constituted a forfeitable failure to appear. Discussion of forfeiture remission, pursuant to R.C. 2937.39, is not relevant here, because Sheldon was not later apprehended. She was present for the show cause hearing and that fact alone is determinative of this action.
{¶ 23} The facts of this matter are materially the same as those inState v. Holmes (1991), 57 Ohio St.3d 11. George Holmes was released pending appeal on $50,000 bond, posted by a bail bondsperson. One of the conditions of his release was that he not enter Richland County without prior approval of the common pleas court. When Holmes breached that condition, the court ordered his bail revoked and that he be taken into custody. The court also ordered his bail forfeited and set a date for Holmes and his bondsperson to appear to show cause why a bond forfeiture judgment should not be entered. When Holmes and his bondsperson appeared at the show cause hearing, the court ordered $17,500 of Holmes' bond forfeited for violation of a bail condition. The bondsperson appealed.
{¶ 24} On consideration, the Supreme Court of Ohio reversed the forfeiture, holding that, "* * * it is proper to impose upon a defendant certain conditions of release to assure appearance of the defendant. The breach of a condition of release provides an adequate basis to revoke the release. However, simply because a condition of release may be imposed upon a defendant does not mean that the breach of such a condition requires the forfeiture of a bail bond. The procedure for the forfeiture of bail is not governed by the breach of a condition of release but, rather, is governed by the procedures set forth in R.C. 2937.36. Accordingly, timely production of the body of the defendant constitutes a showing of good cause why a forfeiture judgment may not be entered against a surety. This determination comports with the purpose of bail which is to ensure the appearance of a defendant." Id. at 14 (emphasis in the original.)
{¶ 25} Here, even assuming that the trial court's initial forfeiture determination was correct, entry of judgment against the surety after Sheldon appeared at the show cause hearing was erroneous. The surety's production of the body of the defendant at the time specified in the notice of default and adjudication of forfeiture, "* * * constitutes a showing of good cause why judgment should not be entered against [the] surety of the defendant." State v. Holmes (1991), syllabus.
{¶ 26} Accordingly, appellant's sole assignment of error is found well-taken.
{¶ 27} Upon consideration whereof, the judgment of the Wood County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Cost to appellee pursuant to App.R. 24.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., Concur.