DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, American Bonding Co., appeals from the June 17, 2005 entry of the Oberlin Municipal Court that addressed Appellant's motion entitled "Supplemental Brief in Support of Motion to Vacate Bail Bond Forfeiture." We dismiss the appeal for the reasons set forth below.
 {¶ 2} In February 2005, Defendant Jermaine Johnson was charged with trafficking in cocaine, permitting drug abuse, possession of cocaine, possession of marijuana, possession of drug paraphernalia, possessing criminal tools, theft, resisting arrest, assault on a police officer, and obstructing justice. Defendant pled not guilty to the charges, and a preliminary hearing was scheduled for February 16, 2005 in Oberlin Municipal Court. Appellant posted a surety bond in the amount of $35,000 on behalf of Defendant.
 {¶ 3} Defendant did not appear for the preliminary hearing. The court revoked the bond, issued a bench warrant for Defendant's arrest, and scheduled a bond forfeiture hearing for March 11, 2005. Defendant did not appear at the hearing, but a representative for Appellant did appear. The court ordered the bond forfeited, finding that the representative did not provide a satisfactory explanation as to why Defendant failed to appear at the preliminary hearing.
 {¶ 4} On April 15, 2005, Appellant filed a "Notice of Surrender and Motion to Vacate Bail Bond Forfeiture." The court held a hearing and in an entry dated May 18, 2005 denied the motion, granting Appellant leave to file a motion for remission of bond.
 {¶ 5} On May 26, 2005, Appellant filed a "Supplemental Brief in Support of Motion to Vacate Bail Bond Forfeiture." In an entry dated June 17, 2005, the court addressed this filing, which it construed as a motion. The court concluded, "Since the Motion to Vacate the Bond Forfeiture was already denied [on May 19, 2005] there is no need to rule on the Motion." On July 18, 2005, Appellant filed a notice of appeal from this entry. Appellant asserts one assignment of error for review.
 Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO VACATE THE BOND FORFEITURE IN VIOLATION OF THE OHIO REVISED CODE."
 {¶ 6} In its sole assignment of error, Appellant challenges the trial court's decision to forfeit the bond and requests this Court to reverse the court's entry denying Appellant's motion to vacate the bond forfeiture. However, we do not address the merits of Appellant's assignment of error because we find that Appellant has not perfected an appeal from a final, appealable order pursuant to R.C. 2505.02 and the Ohio Rules of Civil and Appellate Procedure.
 {¶ 7} We find that the trial court's June 17, 2005 entry from which Appellant filed a notice of appeal does not constitute an order (i.e., does not determine and affect rights and responsibilities of the parties). See Harkai v. Scherba Indus.,Inc. (2000), 136 Ohio App.3d 211, 215-16. In this entry, the court merely states that it would not rule on Appellant's motion filed on May 26, 2005.
 {¶ 8} Assuming arguendo that this entry constitutes an order, Appellant's "Supplemental Brief in Support of Motion to Vacate Bail Bond Forfeiture" would constitute a request for reconsideration of the merits of the final judgment, the trial court's May 19, 2005 denial of Appellant's motion to vacate filed on April 15, 2005. Reconsideration of the merits of the case by a trial court after a final judgment is entered is impermissible, and any judgment entry that journalizes the court's decision on such reconsideration is a nullity. See Pitts v. Ohio Dept. ofTransp. (1981), 67 Ohio St.2d 378, 380-81; Dunkle v. Kinsey,
9th Dist. No. 20502, at *4, 2001-Ohio-1514.
 {¶ 9} Furthermore, Appellant has not filed a timely appeal from a final judgment in this case — either the court's bond forfeiture order, dated March 11, 2005, or the court's denial of Appellant's motion to vacate, dated May 19, 2005. See App.R. 4(A); Transamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320, syllabus.
 {¶ 10} Because this Court does not have jurisdiction over this appeal, the appeal is dismissed.
 {¶ 11} Appellant's sole assignment of error is not addressed. The appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, P.J. Moore, J. concur.