The STATE of Ohio, Appellee,

v.

SLIDER, Appellee; Mayle, Appellant.

[Cite as State v. Slider, 184 Ohio App.3d 68, 2009-Ohio-4179.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 08CA39.

Decided Aug. 12, 2009.

James E. Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Assistant Prosecuting Attorney, for appellee state of Ohio.[1]

Bertram & Halliday, L.L.C., John M. Halliday, Gary A. Rosenhoffer, L.L.C., and Gary A. Rosenhoffer, for appellant.

Per Curiam.

{¶ 1} This is an appeal from a judgment of the Washington County Court of Common Pleas, ordering forfeiture of bail bond and its subsequent entry of judgment against appellant, Richard Mayle, personally, for $60,000, as surety for defendant-appellee, Patrick Slider, who failed to appear for his scheduled criminal trial. On appeal, appellant contends that the trial court committed prejudicial error in (1) conducting forfeiture proceedings on a revoked bail bond, (2) conducting a show-cause hearing within 20 days of the mailing of the notice of forfeiture, (3) granting a (personal) judgment against an attorney in fact, (4) failing to hold a remission hearing after the accused was arrested, and (5) refusing to grant the surety additional time to secure the attendance of the accused.

{¶ 2} Because we conclude that the trial court did not err in forfeiting Slider's bond or in holding the bond forfeiture hearing 22 days after providing notice of the hearing to appellant, we overrule appellant's first and second assignments of error. Likewise, because appellant did not request remission of the bond, we cannot conclude that the trial court abused its discretion in failing to hold a remission hearing. Therefore, appellant's fourth assignment is overruled. Further, in light of our conclusion that the trial court did not abuse its discretion in refusing to grant appellant additional time to secure the attendance of the accused, we overrule appellant's fifth and final assignment of error. However, because we conclude that the language contained in the recognizance form creates an ambiguity as to the capacity in which appellant signed, we reverse the

---

1. Defendant-appellee, Patrick Slider, has not filed a brief or otherwise participated in the appeal of this matter.

decision of the trial court and remand this matter for further findings of fact with respect to the intent of the parties. Accordingly, we sustain appellant's third assignment of error.

## FACTS

{¶ 3} On December 10, 2007, a multicount felony indictment was filed against Patrick Slider. On January 14, 2008, appellant, Richard Mayle,[2] posted a bond of $60,000 on Slider's behalf. When Slider failed to appear for his scheduled trial on August 11, 2008, the trial court revoked his bond and issued a warrant for his arrest. The trial court further ordered the bond forfeited and set a forfeiture hearing for September 3, 2008.

{¶ 4} Notice of the forfeiture hearing was mailed to appellant by both regular and certified mail on August 12, 2008. Appellant appeared at the forfeiture hearing as scheduled on September 3, 2008; however, he failed to produce Slider for the hearing. Although appellant requested that the trial court grant additional time to locate Slider, the trial court denied appellant's request and granted judgment against appellant, personally, in the amount of the bond, $60,000, and filed a judgment entry the same day.

{¶ 5} Slider was subsequently arrested near Taylor, Michigan, on September 7, 2008, and was returned to Washington County on September 8, 2008. On September 9, 2008, appellant filed a "motion of sureties to be released," simply requesting release from further obligation as "Patrick R. Slider is now incarcerated in a detention facility or jail near Taylor, Michigan." The state opposed the motion and a hearing was held on September 18, 2008. Charles Miller, on behalf of A–1 Bail Bonds, Inc., attended the hearing with counsel. After determining that R.C. 2937.40 did not authorize appellant's release based upon the facts before it, as requested by A–1 Bail Bonds, the trial court denied appellant's motion. Appellant now appeals, assigning the following errors for our review.

### Assignments of Error

I. The trial court committed prejudicial error in conducting forfeiture proceedings on a revoked bail bond.

II. The trial court committed prejudicial error in conducting a show cause hearing within twenty days of the mailing of the notice of forfeiture.

III. The trial court committed prejudicial error in granting a (personal) judgment against an attorney in fact.

---

2. The record reflects that appellant is affiliated with A–1 Bail Bonds, Inc., which is an agent of American Contractors Indemnity Company.

IV.  The trial court erred in failing to hold a remission hearing after the accused was arrested.

V.  The trial court committed prejudicial error in refusing to grant the surety additional time to secure the attendance of the accused.

### Assignment of Error I

{¶ 6} In his first assignment of error, appellant contends that the trial court committed prejudicial error in conducting forfeiture proceedings on a revoked bail bond. Appellant essentially argues that when the trial court stated that it was "revoking" appellant's bond, that it was in fact "releasing" the surety from further obligation. Appellant argues that once the bond was "revoked," the trial court could not order that it be forfeited. Conversely, the state argues that "[t]he trial court's order of the revocation of the bond related to the Defendant's authority to remain at large, or released, on bond, not to the surety's obligation." Although appellant presents an interesting argument, we are not persuaded by his reasoning. We instead agree with the reasoning set forth by the state.

{¶ 7} As argued by the state, the sequence of "revoking" bond, issuing a warrant for a defendant's arrest, and then scheduling a forfeiture hearing is commonly used by courts. *State v. Johnson*, Lorain App. No. 05CA008757, 2006-Ohio-3338, 2006 WL 1791262, ¶ 3 (when defendant failed to appear, court revoked the bond, issued a bench warrant for his arrest, and scheduled a bond-forfeiture hearing); see also *State v. Bryson*, Stark App. Nos. 2007–CA–00108 and 2007–CA–00132, 2008-Ohio-193, 2008 WL 188118, at ¶ 5 ("Appellant failed to appear for the final pretrial hearing * * *. The trial court revoked her bond and a capias was issued for her arrest. A forfeiture hearing was scheduled * * * "); *State v. Sheldon*, Wood App. No. WD–04–055, 2005-Ohio-2686, 2005 WL 1283681, at ¶ 4 (failure to appear resulted in revocation of bond, issuance of arrest warrant, and subsequent bond forfeiture); *State v. Holmes* (1991), 57 Ohio St.3d 11, 12, 564 N.E.2d 1066 (after violating condition of release, the trial court ordered that defendant "be taken into custody and his bail revoked," and subsequently ordered bail be forfeited as well). Thus, we conclude that courts commonly refer to the sequence of "revoking" a defendant's bond, issuing a warrant for his/her arrest, and then scheduling a bond-forfeiture hearing. Thus, we are not persuaded by appellant's argument that once the trial court revoked his bond, it was unable to order it forfeited.

{¶ 8} Further, appellant raised a similar argument below, arguing that the trial court's use of the word "revoke" in reference to the bond resulted in the bond being "of no further force and effect." In response to this argument, the trial court replied as follows:

THE COURT: I would—my understanding of the King's English is that revoked is synonymous with forfeited; it's not synonymous with release of the bond, which is the position you urge. I don't see revocation as even remotely close to the word, released. But, like I say, that's my understanding of the King's English; yours may be different. The bond is ordered forfeited. Mr. Slider has not appeared. The proper procedures have been followed to do the same. The hearing's been given. And I'm signing the entry now.

Thus, the very court that revoked Slider's bond and then scheduled the bond forfeiture proceedings clearly expressed, on the record, that its intention was not to release the bond as to the surety, but rather to revoke the bond, which it believed was synonymous with forfeiture. Accordingly, we overrule appellant's first assignment of error.

### Assignment of Error II

{¶ 9} In his second assignment of error, appellant contends that the trial court committed prejudicial error in conducting a show-cause hearing within 20 days of the mailing of the notice of forfeiture. Appellant concedes that the forfeiture proceedings "appear to be facially timely"; however, he argues that Civ.R. 6(E), through Crim.R. 57(B), applies, requiring that three days be added to any period prescribed by rule or by statute. Based upon this reasoning, appellant argues that the earliest date for the forfeiture hearing was September, 4, 2008, rather than September 3, 2008. For the following reasons, we disagree.

{¶ 10} A trial court's bond-forfeiture decision is reviewed using an abuse-of-discretion standard. *State v. Green*, Wayne App. Nos. 02CA0014 through 02CA0019, 2002-Ohio-5769, 2002 WL 31386775, citing *Akron v. Stutz* (Nov. 1, 2000), Summit App. No. 19925, 2000 WL 1636026. "An abuse of discretion is more than an error of law or judgment; it implies a decision that is unreasonable, arbitrary or unconscionable." *Akron*, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. With respect to notice-of-forfeiture proceedings, R.C. 2937.36 provides as follows:

Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:

\* \* \*

(C) As to recognizances he shall notify accused and each surety *by ordinary mail* at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and *require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from date of mailing notice*, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause

by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail.

(Emphasis added). Here, Slider failed to appear for his scheduled trial on August 11, 2008. The record reflects that notice of the scheduled forfeiture hearing was mailed to appellant by both ordinary and certified mail on August 12, 2008. Appellant appeared at the scheduled forfeiture hearing on September 3, 2008, which occurred 22 days after mailing of the notice. Thus, the hearing was held within the proper 20– to 30–day timeframe set forth in the applicable statute, which appellant essentially concedes.

{¶ 11} Because R.C. 2937.36 clearly sets forth the timeframe for conducting forfeiture proceedings, we do not believe that reference to the Civil Rules is necessary or required, and appellant has cited no case law which suggests otherwise. Additionally, other courts have referred to the 20–day notice requirement related to notice of forfeiture proceedings, without any mention of the having to add three days. See *State v. Green*, 2002-Ohio-5769 ("surety and agent are entitled to at least 20 days notice before they must appear in court * * * "); *State v. Ramey*, Lucas App. No. L–08–1040, 2008-Ohio-3275, 2008 WL 2586753 ("A trial court abuses its discretion when it does not follow the period required by the statute by giving at least 20 days notice o[f] a show cause hearing to the surety and agent before they must appear in court"). Accordingly, appellant's second assignment of error is overruled.

### Assignment of Error III

{¶ 12} In his third assignment of error, appellant contends that the trial court committed prejudicial error in granting a personal judgment against an attorney-in-fact. In particular, appellant argues he was an attorney-in-fact for A–1 Bail Bonds and that there was no evidence before the court that he "was acting with other than actual authority." Thus, appellant argues that it was error for the trial court to grant judgment against him personally. The state counters by arguing that appellant signed the bond as "Richard Mayle with American Contractors Indemnity Co.," acknowledging liability if Slider failed to appear.

{¶ 13} In *State v. Sexton* (1999), 132 Ohio App.3d 791, 726 N.E.2d 554, we acknowledged prior reasoning of the Second District Court of Appeals, which held that "[b]ecause a surety bond is a contract, it is subject to the rules governing performance of contracts." *State v. Scherer* (1995), 108 Ohio App.3d 586, 591, 671 N.E.2d 545. Further, R.C. 1337.092 provides:

(A) If an attorney in fact enters into a contract in the representative capacity of the attorney in fact, if the contract is within the authority of the attorney in fact, and if the attorney in fact discloses in the contract that it is being entered into in the representative capacity of the attorney in fact, the attorney in fact is not personally liable on the contract, *unless the contract otherwise specifies*. If the words or initialism "attorney in fact," "as attorney in fact," "AIF," "power of attorney," "POA," or any other word or words or initialism indicating representative capacity as an attorney in fact are included in a contract following the name or signature of an attorney in fact, the inclusion is sufficient disclosure for purposes of this division that the contract is being entered into in the attorney in fact's representative capacity as attorney in fact.

*(B) An attorney in fact is not personally liable for a debt of the attorney in fact's principal, unless one or more of the following applies*:

*(1) The attorney in fact agrees to be personally responsible for the debt.*

(2) The debt was incurred for the support of the principal, and the attorney in fact is liable for that debt because of another legal relationship that gives rise to or results in a duty of support relative to the principal.

(3) The negligence of the attorney in fact gave rise to or resulted in the debt.

(Emphasis added). Thus, while the statute sets forth a general rule that an attorney-in-fact is not personally liable for the debt of his principal, the statute also sets forth exceptions to that general rule, one of which is applicable here. Specifically, the statute provides in section (B) that an attorney-in-fact may be liable for the debt of the principal if the attorney-in-fact agrees to be personally responsible for the debt.

{¶ 14} Here, the record reveals that the power-of-attorney form attached to the recognizance form, filed on January 14, 2008, contained the signature of appellant, signing as attorney-in-fact for A-1 Bail Bonds, Inc. and/or American Contractors Indemnity Company. However, the actual recognizance stated as follows:

Be it Remembered, That on 01/14/08 PATRICK SLIDER and RICHARD MAYLE WITH AMERICAN CONTRACTORS INDEMNITY CO *personally appeared* before me and *jointly and severally acknowledged themselves to owe* the State of Ohio the sum of $60,000.00 to be levied on their goods and chattels, lands and tenements, if default be made in the condition following, to wit: * * *. (Emphasis added and capitalization sic.)

The recognizance was signed by "Patrick Slider" and "Richard Mayle With American Contractors Indemnity Co." Thus, although one form in the record contains appellant's signature, as attorney-in-fact, the recognizance form contains appellant's signature "[w]ith American Contractors Indemnity Co.," but not as its attorney-in-fact, and also provides that appellant "personally appeared," along

with Slider, and "jointly and severally acknowledged themselves to owe the State of Ohio the sum of $60,000.00" should Slider fail to appear. In light of the foregoing, we conclude that an ambiguity exists with respect to the capacity in which appellant signed the recognizance form and whether or not he intended to be personally responsible for the debt. "When contractual terms are ambiguous, a court may consider extrinsic evidence to ascertain the intent of the parties and the meaning of the contract's terms." *Lewis v. Mathes*, 161 Ohio App.3d 1, 2005-Ohio-1975, 829 N.E.2d 318, at ¶ 25. Accordingly, appellant's third assignment of error is sustained, and we reverse the decision of the trial court and remand this matter for further findings of fact as to the intent of the parties.

### Assignment of Error IV

{¶ 15} In his fourth assignment of error, appellant contends that the trial court erred in failing to hold a remission hearing after the accused was arrested. Appellant argues that the trial court had authority to authorize remission of the bond and should have ordered remission because the bond forfeiture did not bear a reasonable relationship to the cost and inconvenience incurred by the state in producing Slider for trial. In response, the state correctly points out that appellant never requested remission at the trial court level. Instead, appellant filed a "motion of sureties to be released," simply stating that the bond should be released because Slider was incarcerated in a detention facility or jail near Taylor, Michigan.

{¶ 16} R.C. 2937.40 governs release of bail and sureties and provides the ways in which sureties on recognizance shall be released. The record reveals that the trial court denied appellant's motion for release and appellant does not challenge that denial on appeal. Thus, we will not address whether, in fact, the trial court erred in denying the motion actually filed by appellant.

{¶ 17} Instead, appellant argues that the trial court erred in denying remission, which is governed by R.C. 2937.39, which provides as follows:

> After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or re-arrest of the accused on the charge, *may* remit all or such portion of the penalty as it deems just * * *.

(Emphasis added.) Further, as noted by the Sixth District Court of Appeals in *State v. Hardin*, Lucas App. Nos. L–03–1131, L–03–1132, and L–03–1133, 2003-Ohio-7263, 2003 WL 23167301, there are certain factors to be considered when granting or denying remission:

> The purpose of bail is to insure that the accused appears at all stages of the criminal proceedings. *State v. Hughes* (1986), 27 Ohio St.3d 19, 20[, 27 OBR 437], 501 N.E.2d 622. Furthermore, the purpose of bail is not punitive but to

secure the presence of the defendant. *State v. Christensen* (Apr. 16, 1999), 2nd Dist. No. 98CA53[, 1999 WL 218146], citing *Dudley v. United States* (5th Cir.1957), 242 F.2d 656. As a result, in determining whether to remit a forfeited bond, the trial court should consider (1) the circumstances surrounding the reappearance of the accused, including timing and whether that reappearance was voluntary; (2) the reasons for the accused's failure to appear; (3) the inconvenience, expense, delay, and prejudice to the prosecution caused by the accused's disappearance; (4) whether the surety was instrumental in securing the appearance of the accused; (5) any mitigating circumstances; and (6) whether justice requires that the total amount of the bond remain forfeited. *Am. Bail Bond Agency,* supra at 712–713, 719 N.E.2d 13; *State v. Duran* (2001), 143 Ohio App.3d 601, 604, 758 N.E.2d 742.

{¶ 18} Based upon a reading of R.C. 2937.39, appellant is correct in arguing that the trial court had authority to grant remission; however, as set forth by the state, appellant did not request remission at the trial court level. Nor did he present any evidence related to any of the factors a trial court must consider when deciding whether to grant remission. In fact, appellant's only argument in support of his requested relief, release, was that Slider was incarcerated in Michigan. Appellant presented no other evidence. Because appellant failed to request remission and failed to offer evidence entitling him to it, he cannot now complain that the trial court erred in failing to grant something that was not requested by him. Therefore, we cannot conclude that the trial court abused its discretion in failing to order remission of the bond. Accordingly, appellant's fourth assignment of error is overruled.

Assignment of Error V

{¶ 19} In his fifth and final assignment of error, appellant contends that the trial court erred in refusing to grant the surety additional time to secure the attendance of the accused. In making this argument, appellant concedes that the decision as to whether to grant additional time must be reviewed under an abuse-of-discretion standard. However, appellant seems to argue that because Slider was, in fact, arrested within the timeframe of the continuance appellant had requested, that he should have been entitled to an extension. The state counters by stating that such an argument is simply based upon hindsight only and that appellant has failed to demonstrate that the trial court acted unreasonably or arbitrarily. We agree.

{¶ 20} R.C. 2937.35 governs forfeit of bail and provides as follows:

Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magis-

78

trate *may, in its discretion*, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date.

(Emphasis added.)

{¶ 21} As correctly noted by the state in its brief, Slider failed to appear for his scheduled trial on a multicount felony indictment on August 11, 2008. Later, on September 3, 2008, appellant failed to produce Slider at the bond-forfeiture hearing. Although appellant requested an extension of time to locate Slider at that hearing, he presented no evidence indicating the whereabouts of Slider or appellant's efforts or attempts to locate him. Thus, we cannot conclude that the trial court acted arbitrarily or unreasonably in denying appellant's request for additional time. Accordingly, appellant's fifth assignment of error is overruled.

Judgment affirmed in part
and reversed in part,
and cause remanded.

KLINE, P.J., HARSHA, and McFARLAND, JJ., concur.