[Cite as *State v. Slider*, 2010-Ohio-5952.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 09CA41 |
| | : | |
| vs. | : | **Released: November 22, 2010** |
| | : | |
| PATRICK SLIDER, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellee, | : | |
| | : | |
| and | : | |
| | : | |
| A-1 BAIL BONDS, INC., et al., | : | |
| | : | |
| Appellants. | : | |

_____

APPEARANCES:

John M. Halliday, Bertram & Halliday, LLC, Marietta, Ohio, and Gary A. Rosenhoffer, Gary A. Rosenhoffer, LLC, Batavia, Ohio, for Appellants, A-1 Bail Bonds, Inc. and American Contractors Indemnity Company.

James E. Schneider, Washington County Prosecutor, and Alison L. Cauthorn, Washington County Assistant Prosecutor, Marietta, Ohio, for Appellee, State of Ohio.[1]

_____

McFarland, P.J.:

{¶1} This is an appeal from an order of the Washington County Court of Common Pleas, issued after conducting a hearing pursuant to remand from this Court. Originally, the trial court ordered forfeiture of a bail bond

---

[1] Defendant-Appellee, Patrick Slider, has not filed a brief or otherwise participated in the appeal of this matter.

and entered judgment against "Richard Mayle of A-1 Bail Bonds" in the amount of $60,000.00.  On remand, the trial court determined, based in part on the agreement of the parties, that the original judgment was in fact taken against Appellants, rather than Richard Mayle, personally.  On appeal, Appellants now contend that 1) upon remand, the trial court lacked subject matter jurisdiction to render judgment against them, as sureties; 2) the trial court prejudicially erred in granting a judgment against A-1 Bail Bonds, Inc; 3) the trial court committed prejudicial error in determining that the issue of remission is res judicata; and 4) the trial court committed prejudicial error by failing to remit all or part of the forfeited bond.

{¶2} Because we conclude that the trial court possessed subject matter jurisdiction to clarify its own order pursuant to our directions on remand, we overrule Appellants' first assignment of error.  Because Richard Mayle signed the Recognizance of Accused as an attorney in fact of A-1 Bail Bonds, Inc., which is a named agent of American Contractors Indemnity Co., also known as Safety National Casualty Co., expressly agreeing to be joint and severally responsible in the event of default, we cannot conclude that the trial court prejudicially erred in granting judgment against A-1 Bail Bonds, Inc.  As such Appellants' second assignment of error is overruled.

{¶3} Further, because we find that Appellants' did not request remission prior to the first appeal of this matter and that their subsequent request for remission went beyond the scope of remand, we cannot conclude that the trial court committed prejudicial error in determining that the issue of remission was res judicata. Thus, Appellants' third assignment of error is overruled. Finally, in light of our disposition of Appellants' third assignment of error, we will not address Appellants' fourth assignment of error and it is therefore overruled. Accordingly, the decision and judgment of the trial court is affirmed.

### FACTS

{¶4} As we noted in our prior consideration of this matter, on December 10, 2007, a multi-count felony indictment was filed against Patrick Slider. *State v. Slider*, et al., 184 Ohio App.3d 68, 2009-Ohio-4179, 919 N.E.2d 775 (hereinafter "Slider I"). On January 14, 2008, a $60,000.00 bond was posted on Slider's behalf by "Richard Mayle[2] with American Contractors Indemnity Co." When Slider failed to appear for his scheduled trial on August 11, 2008, the trial court revoked his bond and issued a warrant for his arrest. The trial court further ordered the bond forfeited and set a forfeiture hearing for September 3, 2008.

---

[2] The record reflects that Appellant, Richard Mayle, is affiliated with A-1 Bail Bonds, Inc, which is an agent of American Contractors Indemnity Company, also known as Safety National Casualty Co.

{¶5} Notice of the forfeiture hearing was mailed to all parties, including Richard Mayle and all sureties at their respective addresses by both regular and certified mail on August 12, 2008. Appellants counsel, John Halliday, appeared at the forfeiture hearing, along with Charles Miller, principal of A-1 Bail Bonds, on September 3, 2008; however, they failed to produce Slider for the hearing. Although Appellants requested that the trial court grant additional time to locate Slider, the trial court denied Appellants' request and granted judgment against Slider, as well as "the holder of the bond, Richard Mayle of A-1 Bail Bonds" in the amount of the bond, $60,000.00, and filed a judgment entry the same day.

{¶6} Slider was subsequently arrested near Taylor, Michigan, on September 7, 2008, and was returned to Washington County on September 8, 2008. On September 9, 2008, Appellants, through their counsel, John Halliday, filed a Motion of Sureties to be Released[3], simply requesting release from further obligation as "Patrick R. Slider is now incarcerated in a detention facility or jail near Taylor, Michigan." The State opposed the motion and a hearing was held on September 18, 2008. Charles Miller, on behalf of A-1 Bail Bonds, Inc., again attended the hearing with counsel.

---

[3] Contrary to our initial recitation of the facts in our prior consideration of this matter in *Slider I,* the Motion of Sureties to be Released was filed by attorney Halliday, as "Attorney for Sureties," listed as "American Contractors Indemnity Company, A-1 Bail Bonds, Inc., and/or Charles J. Miller Bonding, Co.," rather than by Richard Mayle, individually. Thus, Appellants herein clearly perceived that judgment had been taken against them, as they moved for release.

After determining that R.C. 2937.40 did not authorize Appellants' release based upon the facts before it, as requested by A-1 Bail Bonds, the trial court denied Appellants' motion. At that point, "Richard Mayle of A-1 Bail Bonds", through attorney John Halliday, filed a notice of appeal from the trial court's decision.

{¶7} In *Slider I* at ¶14, we affirmed the decision of the trial court, but determined that an ambiguity existed "with respect to the capacity in which Appellant [then Richard Mayle] signed the Recognizance of Accused and whether or not he intended to be personally responsible for the debt." As such, the matter was remanded for the limited purpose of having the trial court make "further findings of fact as to the intent of the parties." As a result, the trial court held a remand hearing on September 15, 2009. Appellants herein were represented by John Halliday, the same attorney that represented them prior to the first appeal, and who represented Mayle during the first appeal of this matter.

{¶8} At the hearing, all parties agreed that Mayle did not intend to be personally responsible for the bond. Further, the parties agreed that the judgment proceedings need not start over, but rather that the purpose of remand was simply to correct a semantics problem in the first judgment entry. Additionally, Appellants agreed, through counsel, that the original

judgment should have been worded against A-1 Bail Bonds and/or American

Contractors Indemnity Company.

{¶9} Based upon the stipulations by the parties at the hearing, the trial

court issued a decision and entry on September 30, 2009, noting that

judgment had previously been entered against the bonding companies but

that the order had been remanded on the limited issue of whether Richard

Mayle was personally liable on the bond.  The court made reference in its

decision to the fact that the attorneys for both sides stipulated that Mayle

should not be held personally responsible but that judgment should enter

against A-1 Bail Bonds and American Contractors Indemnity Company.

The court went on to address Appellants post-remand motion for remission,

despite its conclusion that the motion was barred by the doctrine of res

judicata.  The trial court ultimately denied the motion for remission.

{¶10} Appellants, A-1 Bail Bonds, Inc. and American Contractors

Indemnity Company now appeal, assigning the following errors for our

review.

ASSIGNMENTS OF ERROR

"I.    UPON REMAND, THE TRIAL COURT LACKED SUBJECT
       MATTER JURISDICTION TO RENDER JUDGMENT AGAINST
       THESE APPELLANTS/SURETIES.

II.    THE TRIAL COURT PREJUDICIALLY ERRED IN GRANTING A
       JUDGMENT AGAINST A-1 BAIL BONDS, INC.

III.    THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN
        DETERMINING THAT THE ISSUE OF REMISSION WAS RES
        JUDICATA.

IV.    THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN
        FAILING TO REMIT ALL OR PART OF THE FORFEITED
        BOND."

ASSIGNMENT OF ERROR I

{¶11} In their first assignment of error, Appellants contend that the
trial court lacked subject matter jurisdiction upon remand to render judgment
against them.  In making this argument, Appellants argue that the trial court
"was without subject matter jurisdiction when it granted judgment against
[them] on September 30, 2009[,]" during the remand hearing.  For the
following reasons, we disagree.

{¶12} As set forth above, in our initial consideration of this matter, we
concluded that "an ambiguity exist[ed] with respect to the capacity in which
Appellant [then Richard Mayle] signed the Recognizance of Accused and
whether or not he intended to be personally responsible for the debt." *Slider
I* at ¶14.  Thus, we reverse[d] the decision of the trial court and remand[ed]
th[e] matter for further findings of fact as to the intent of the parties." Id.  It
was pursuant to this directive that the trial court held a hearing on remand.

{¶13} Appellants' counsel, John Halliday, was present at the remand
hearing held on September 15, 2009.  At the hearing, the following exchange

took place regarding the intent of the parties with respect to responsibility on

the bond:

| | |
|---|---|
| Mr. Halliday: | First of all, Judge, the issue, the first issue before this Court is, upon remand, is whether or not Richard Mayle personally is liable on the judgment. I don't believe he is. I believe it should be A – A-1 Bail Bonds, and/or American Contractors Indemnity on the judgment. It's my understanding the State has no objection to that. |
| The Court: | Is that true? |
| Ms. Vessels: | Your Honor, I don't believe that Mr. Mayle personally is even – I believe he's judgment-proof, essentially, so it's really – we're – that's true, we don't have – |

Thus, the parties stipulated upon remand that Richard Mayle did not intend

to be personally responsible when he signed the bond and that the judgment

was intended to be taken against A-1 Bails Bonds and/or American

Contractors Indemnity.

{¶14} Further, the remand hearing transcript contains the following

with respect to the procedural issues in amending the original judgment

entry to reflect the intent of the parties:

| | |
|---|---|
| The Court: | So you could – believe now, we have to start the procedures over again against your client? |

* * *

| | |
|---|---|
| The Court: | Is it too late to take judgment against A-1? |
| Ms. Vessels: | I don't believe so, because – |

Mr. Halliday:      *I thought that's what we were doing here, was just revising the judgment entry to –*

Ms. Vessels:      Yes.

Mr. Halliday:      *-- to correctly reflect the proper parties.*

The Court:        So you would not object to just revising it and putting the judgment against A-1?

Mr. Halliday:      Well, because the Court specifically found that the bond was forfeited, okay?

The Court:        Um-hum.

Mr. Halliday:      And that's when we were here before.  Right?  Is that –

The Court:        Um-hum.

Mr. Halliday:      I mean, does everybody agree – do you agree with me there, that the Court found –

Ms. Vessels:      Yes. Yes, it was forfeited.

Mr. Halliday:      *-- that the bond was forfeited, and therefore it entered the judgment amount against what was supposed to be the bonding company, was my understanding, so that way back when the Court did that, the – judgment should have read, "Judgment is hereby rendered in favor of the State of Ohio against the Defendant and A-1Bail Bonds and American Contractors Indemnity in the amount of X."*
                   And I think that was the – one of the narrow issue, with which we've been remanded here was, was Mr. Slider[4] personally on there?  Because I believe the Court found all of the other prerequisites, *and that's why I don't think we have to go back and redo this whole thing.  The Court already found that the – bond is forfeited and*

---

[4] We assume that Mr. Halliday meant to state Mr. Mayle at this juncture of the hearing, as Mr. Slider's name was clearly included in the judgment entry.

*ordered judgment, and I believe that all parties were here; it was just the semantics of the judgment, the – the Court of Appeals found remandable.*

* * *

Ms. Vessels:        So, I – I don't – *I think that that – the Court is expecting us to perhaps just file an amended judgment entry,* perhaps determining whether or not it's Richard Mayle specifically or A-1 Bail Bonds and Contractors Indemnity, because that's where the money is, and that's who actually posted the cash or surety.

The Court:          Okay.  That'll be the order.  It seems the parties are agreeing on that.  So that'll be the order of the Court.

* * *

The Court:          Okay.  So, we're agreed now, that the – the entry is modified, that just to be clear on the record, to change it to A-1 and that American Indemnity.  And you'll do that, Attorney Vessels?" (Emphasis added).

{¶15} In light of the foregoing, it is clear that Appellants understood, both at the time of the time of original order, and on remand, that the original judgment was intended to be against them, as sureties, not against Richard Mayle, individually.  The fact that they filed a motion for release prior to the first appeal of this matter further supports this rationale. Additionally, as set forth above, Appellants clearly represented to the trial court their understanding that the purpose of the remand hearing was simply to correct the language or "semantics" of the original order, and that there was no need to start the judgment proceedings over again.  As such,

Appellants cannot now complain that the trial court lacked subject matter jurisdiction to enter judgment against them on remand. As stated, judgment was not entered against them for the first time on remand, the original judgment order was simply clarified to reflect that the judgment was against A-1 Bail Bonds, rather than Mayle individually.[5] Accordingly, we conclude that Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

{¶16} In their second assignment of error, Appellants contend that the trial court erred in granting a judgment against A-1 Bail Bonds, Inc. Appellants base this contention on "basic principles of suretyship and guaranty" without any other argument or citation to authority, and simply claim that "[j]oint and several liability is improper." However, in our view, Appellants' assertions regarding the liability of a surety and principal are misplaced in light of the fact that the Recognizance of Accused, which appears on the record, provided that Patrick Slider and "Richard Mayle with American Contractors Indemnity Co. * * * jointly and severally acknowledged themselves to owe the State of Ohio the sum of $60,000.00" in the event of default. See *Peebles Elderly Housing Ltd. Partnership v.*

---

[5] However, we take this opportunity to address the fact that a new certificate of judgment was filed post-remand, indicating that judgment was taken on September 29, 2009, against A-1 Bail Bonds, Inc. and American Contractors Indemnity Company, also known as Safety National Casualty Corporation. Instead of obtaining a new certificate of judgment, the original certificate of judgment should have been amended to reflect the clarification by the trial court on remand.

*Titan Indem. Co.* (Sept. 15, 1997), Adams App. No. 96CA631, 1997 WL 578735.

{¶17} Attached to the Recognizance of Accused is a power of attorney document which appoints A-1 Bail Bonds, Inc. a named agent of American Contractors Indemnity, Co.  This power of attorney form was also signed by Mayle, as attorney in fact.  Thus, Mayle, as an attorney in fact of A-1 Bail Bonds, Inc., which is a named agent of American Contractors Indemnity Co., also known as Safety National Casualty Co., signed the bond, thereby binding the sureties on the bond when Slider failed to appear and the trial court ordered the bond forfeited. *Slider I*  at ¶13; citing, *State v. Sexton* (1999), 132 Ohio App.3d 791, 726 N.E.2d 554; *State v. Scherer* (1995), 108 Ohio App.3d 586, 671 N.E.2d 545; R.C. 1337.092.

{¶18} We note that Appellants allege in their brief that "the Clerk of Courts released the Sureties from Slider's $60,000.00 bond effective April 23, 2009," and attach a copy of a document purporting to be that release to their brief on appeal.  We presume Appellants mention this because generally, when a principal is discharged so is the surety.  See *Dressler Properties, Inc. v. Ohio Heart Care, Inc.* Stark App. No. 2004CA00231, 2005 -Ohio- 1069 (The general rule is that whatever discharges the principal discharges the surety. If the principal debtor has been released by the

creditor, the guarantor or the surety also will be released."). However, other than appearing as an attachment to Appellants' brief, it does not appear that the document was ever filed or made part of the record and, therefore, it is not properly before us for review. Accordingly, Appellants' second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

{¶19} In their third assignment of error, Appellant's contend that the trial court committed prejudicial error in determining that the issue of remission is res judicata. As set forth above, this matter was remanded for the limited purpose of determining the intent of the parties with regard to financial responsibility on the forfeited bond. Appellants' argument hinges on their assertion that there was no binding or enforceable judgment against them until the September 30, 2009, decision and entry issued after the remand hearing. However, we rejected this assertion in our analysis of Appellant's first assignment of error. Instead, based upon our above reasoning, the hearing on remand simply served to clarify who in fact the original judgment was taken against: 1) Richard Mayle, individually; 2) Richard Mayle and the sureties; or 3) the sureties, with Richard Mayle serving merely as an agent or attorney in fact.

{¶20} The purpose of remand was not to completely start the judgment proceedings over again, but merely to clarify the original intent of the parties. Thus, we again reject any argument that there was no judgment against Appellants until September 30, 2009. This reasoning is further supported by the fact that Appellants continued to appear, through counsel, along with their representative Charles Miller after the original judgment was taken, and sought release from the bond.

{¶21} In our view, this issue is a "scope of remand" question, although it has been reasoned that "[i]ssues regarding the scope of the remand, however, are best considered using res judicata principles." *State v. Taylor*, Cuyahoga App. No. 79475, 2002-Ohio-1554; relying on, *State v. Gillard* (1997), 78 Ohio St.3d 548, 1997-Ohio-183, 679 N.E.2d 276. "The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Montello v. Ackerman*, Lake App. No. 2010-L-007, 2010-Ohio- 3459, citing, *National Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178.

{¶22} As discussed at length in our prior opinion regarding this matter, Appellants herein moved for release of the bond prior to the first appeal, rather than remission. Because there was a valid judgment against

the sureties at the time of the first appeal, and because Appellants could have, and perhaps should have moved for remission when they moved for release below, but failed to do so, they were barred from raising the issue on remand.  See, *State v. Gillard*, supra, (overruling propositions of law without consideration that were not raised on appeal and were beyond the scope of remand, based on the doctrine of res judicata.).  As such, we cannot determine that the trial court committed prejudicial error in determining that the issue of remission was res judicata.  Accordingly, Appellants' third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

{¶23} In light of our disposition of Appellants' third assignment of error which concluded that the trial court did not commit prejudicial error in determining the issue of remission was res judicata, we will not consider Appellants' fourth and final assignment of error, which contends that the trial court committed prejudicial error in failing to remit all or a portion of the bond.  *Gillard*, supra.  As such, Appellant's fourth assignment of error is overruled.  Accordingly, the decision and judgment of trial court is affirmed.

**JUDGMENT AFFIRMED.**

Kline, J., concurring.

{¶24} I concur in judgment and opinion as to the first, second, and fourth assignments of error.  I concur in judgment only as to the third assignment of error because I believe that the appropriate doctrine is law of the case rather than res judicata.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J.: Concurs in Judgment and Opinion as to Assignments of Error I, II, & IV, and Concurs in Judgment Only as to Assignment of Error III.
Kline, J.: Concurs in Judgment and Opinion as to Assignments of Error I, II, & IV, and Concurs in Judgment Only as to Assignment of Error III with Opinion.

For the Court,


BY:  _____
Matthew W. McFarland
Presiding Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**