**[Cite as *State v. Higgins*, 2020-Ohio-5076.]**

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DEMETRIUS HIGGINS, ET AL | : | Case No. 2020-CA-0019 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2016-CRA-3307




JUDGMENT:                        Reversed and remanded




DATE OF JUDGMENT:                October 26, 2020




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH C. SNYDER                          DEXTER W. CLARK
38 South Park Street                      13735 Puritas Avenue
Mansfield, OH  44902                      Cleveland, OH  44135

*Wise, Earle, J.*

{¶ 1}  Appellants, Kenneth Abrams and Marlon McGowan, appeal the decision of the Mansfield Municipal Court, which found A-1 Bail Bonds surety officers in contempt after A-1 Bail Bond Services failed to pay a court ordered forfeiture of $10,000, and ordered appellant officers to serve 25 days in jail for contempt. Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On December 30, 2016, Demetrius Higgins posted a $10,000 bond through A-1 Bail Bonds. McGowan signed the bond on behalf of Banker's Insurance Company as power of attorney. The bond states "THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF THIS STATED FACE AMOUNT . . ." Capitalization sic. Attached to this bond is recognizance form which states McGowan and Higgins "* * * personally appeared before me and jointly and severally acknowledged themselves to owe the State of Ohio the sum of: TEN THOUSAND SURETY BOND DOLLARS * * * " should Higgins fail to appear. Capitalization sic.   A-1 Bail Bonds in not named in these documents.

{¶ 3}  Higgins failed to appear on August 23, 2016, and a bench warrant was issued for his arrest.

{¶ 4}  Two and a half years later, McGowan and Higgins were ordered to appear at a bond forfeiture hearing on May 2, 2019. According to the record, "the surety" appeared and requested a continuance which was granted until June 6, 2019. There is no indication as to whether "surety" pertains to counsel for A-1 Bail Bonds, Abrams, or McGowan.

{¶ 5}  Before the June 6, 2019 hearing, counsel on behalf of McGowan filed a "Motion to Vacate Bond Forfeiture Relief of Liability and Discharge Surety from Bond." In this motion, counsel argued McGowan as an agent and representative of Banker's Insurance Company was asking the trial court to vacate the bond forfeiture because the surety was never notified that a warrant was issued for Higgins' arrest.[1] Appellee responded to the motion arguing that it is well settled that a surety is charged with knowing when its defendant is required to appear before the court, and has constructive notice of all journal entries of the court.

{¶ 6}  At the June 6, 2019 hearing, Abrams, not McGowan, appeared with counsel. Abrams testified the surety never received notice there was an active warrant for Higgins for failing to appear. Abrams further took issue with the two and a half year delay stating that if the surety had been properly notified, it would have produced Higgins. Abrams had no knowledge as to whether or not McGowan was still employed by A-1 Bail Bonds, and admitted A-1 could not locate Higgins.

{¶ 7}  After taking the matter under advisement, on July 22, 2019, the trial court issued its judgment entry which rejected appellants' lack of notice argument and found the surety is responsible for the appearance of its principal until such time as the court discharges bond. The trial court further rejected appellant's argument that the lapse of time between the bench warrant for Higgins' arrest and bond forfeiture created good cause for discharge of the bond. The trial court ordered the bond forfeited to the state, specifically stating: ". . . the guarantor shall submit the sum of $10,000.00 to the Mansfield

---

[1] This is somewhat confusing because as of the date of appellant's motion, the trial court had not yet ordered the bond forfeited.

Municipal Court within seven (7) business days from receipt of this Judgment Entry for failing to provide the defendant in a timely manner."

{¶ 8} On July 30, 2019, appellants filed a second "Motion to Vacate Bond Forfeiture Relief of Liability and Discharge Surety from Bond." In its second motion appellants indicated they had located Higgins who was incarcerated in Davison County Tennessee on a murder charge. Appellants argued by reason of their due diligence, they should be relieved of the trial court's previous order of forfeiture. A hearing was set for September 12, 2019 and continued at the request of A-1 until October 3, 2019. The record is silent as to whether this hearing took place.

{¶ 9} On October 15, 2019, through new counsel, appellants filed a Motion to be Relieved from Liability, or in the Alternative, Grant Full Remission of Bond. This motion again argued that because appellants had not been properly notified pursuant to R.C. 2937.39 that Higgins had failed to appear, appellants should not be liable on Higgins' bond.

{¶ 10} On October 17, 2019, the state filed a Motion for Contempt for appellants' failure to pay $10,000 as was ordered on July 22, 2019.

{¶ 11} On October 25, 2019, the state filed a response to appellants' Motion to Motion to be Relieved from Liability, or in the Alternative, Grant Full Remission of Bond. The state argued that because the trial court had previously ruled on appellants' lack of proper notice argument, the matter was res judicata, and in any event, appellant was not entitled to remission.

{¶ 12} On November 5, 2019, the trial court issued a judgment entry denying appellants' motion for relief, and setting a contempt hearing for November 14, 2019. This date was continued to January 9, 2020 at appellants' request.

{¶ 13} On January 9, 2020, counsel for appellants appeared, again argued the surety was not provided proper notice, reiterated Higgins had been located in Tennessee, and requested the trial court issue an order of extradition, the costs of which A-1 would cover. Following the hearing, the trial court issued a judgment entry finding A-1 Bond Services and its officers in contempt for failing to pay the court ordered forfeiture of $10,000. The court ordered Kenneth Abrams and Marlon McGowan, "as officers of the Surety" to serve 25 days in the Richland County Jail for refusing to comply with the court's order. Nonetheless, the trial court found the "Surety officers" should be granted an opportunity to purge their contempt by depositing the forfeited bond with the City of Mansfield Clerk of Courts within 30 days. It is from this judgment that appellants appeal raising three assignments of error as follow:

I

{¶ 14} "THE COURT ERRED IN FINDING APPELLANTS KENNETH ABRAMS AND MARLON MCGOWAN TO BE OFFICERS OF THE SURETY, A-1 BOND SERVICES OR IN ANY WAY RESPONSIBLE FOR PAYMENT OF THE BAIL BOND FORFEITED BY THE SURETY A-1 BOND SERVICES."

II

{¶ 15} "THE COURT ERRED IN FINDING APPELLANTS KENNETH ABRAMS AND MARLON MCGOWAN SUBJECT TO SANCTIONS IN CONTEMPT FOR REFUSAL

TO OBEY THE COURT'S ORDER AS TO THE BAIL BOND FORFEITED BY THE SURETY A-1 BOND SERVICES."

III

{¶ 16} "THE COURT ERRED IN NOT PROPERLY ADVISING APPELLANTS KENNETH ABRAMS AND MARLON MCGOWAN THAT THEY WERE CONSIDERED SUBJECT TO CONTEMPT SANCTIONS UNDER THE OHIO REVISED CODE."

I, II, III

{¶ 17} We address appellants' assignments of error together as they are repetitive. Appellants argue they cannot be held personally responsible for the acts or omissions of A-1 Bail Bonds. The state makes no effort to counter that argument, except to say both men were involved in the case.

{¶ 18} A surety bond is a contract and is therefore is subject to the rules governing the performance of contracts. *State v. Scherer*, 108 Ohio App.3d 586, 591, 671 N.E.2d 545 (1995).

{¶ 19} R.C 1337.092 addresses the personal liability of an attorney in fact for a principal's debt. The statute provides:

> (A) If an attorney in fact enters into a contract in the representative capacity of the attorney in fact, if the contract is within the authority of the attorney in fact, and if the attorney in fact discloses in the contract that it is being entered into in the representative capacity of the attorney in fact, the attorney in fact is not personally liable on the

contract, unless the contract otherwise specifies. If the words or initialism "attorney in fact," "as attorney in fact," "AIF," "power of attorney," "POA," or any other word or words or initialism indicating representative capacity as an attorney in fact are included in a contract following the name or signature of an attorney in fact, the inclusion is sufficient disclosure for purposes of this division that the contract is being entered into in the attorney in fact's representative capacity as attorney in fact.

(B) An attorney in fact is not personally liable for a debt of the attorney in fact's principal, unless one or more of the following applies:

(1) The attorney in fact agrees to be personally responsible for the debt.

(2) The debt was incurred for the support of the principal, and the attorney in fact is liable for that debt because of another legal relationship that gives rise to or results in a duty of support relative to the principal.

(3) The negligence of the attorney in fact gave rise to or resulted in the debt.

(4) An act of the attorney in fact that was beyond the attorney in fact's authority gave rise to or resulted in the debt.

(5) An agreement to assist in the recovery of funds under section 169.13 of the Revised Code was the subject of the power of attorney that gave rise to or resulted in the debt.

(C) This section applies but is not limited to, and the terms "power of attorney" and "attorney in fact" include but are not limited to, an agency agreement and an agent under an agency agreement.

{¶ 20} The facts of the instant matter mirror those of *State v. Slider*, 184 Ohio App.3d 68, 2009-Ohio-4179, 919 N.E.2d 775. In that matter, the surety, Richard Mayle, signed a power of attorney form which was attached to a recognizance form as attorney in fact for A-1 Bail Bonds. His signature on the recognizance form itself indicated that he was "with" A-1 Bail Bonds, and recognizance form provided that he "personally appeared" with criminal defendant and "jointly and severally" acknowledged debt to state for $60,000.00 should defendant fail to appear. The Fourth District Court of Appeals found this conflicting language created ambiguity with respect to the capacity in which the attorney in fact signed the recognizance form and whether or not he intended to be personally responsible for the debt.

{¶ 21} Similarly here, the power of attorney form indicated the "THE OBLIGATION OF THE *COMPANY* SHALL NOT EXCEED THE SUM OF THIS STATED FACE AMOUNT . . ." Italics added. The attached recognizance form, however, stated McGowan and Higgins "* * * personally appeared before me and jointly and severally acknowledged themselves to owe the State of Ohio the sum of: TEN THOUSAND SURETY BOND DOLLARS * * * " should Higgins fail to appear. Capitalization sic.

{¶ 22} Further complicating matters, we note neither Abrams nor A-1 Bail Bonds appear on the bonding documents and their relationship to this case, on the four corners of the contract document, is therefore unclear. Two very brief hearings in this matter did

nothing to clarify these issues. During the June 6, 2019 hearing, Abrams merely testified he works for a bail bonds company without specifying which company or his capacity therein. Meanwhile, the bond document states "the company," presumably Banker's Insurance Company is the responsible party.

{¶ 23} We find, therefore, ambiguity exists as to how Abrams is personally responsible for the debt, whether McGowan intended to be personally responsible for the debt, and whether, therefore, either can be jailed for contempt. Accordingly, we reverse and remand this matter to the trial court for a determination of the parties to the contract and a determination of the intent of those parties.

{¶ 24} Appellants assignments of error are sustained

By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, J. concur.

EEW/rw