[Cite as *State v. Perez*, 2016-Ohio-848.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-15-1195

       Appellee                              Trial Court No. CR0201302430

v.

Jesse Perez

       Defendant                         **DECISION AND JUDGMENT**

[You Walk Bail Bond Agency—Appellant]    Decided:  March 4, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and David F.
Cooper, Assistant County Prosecuting Attorney, for appellee.

Caleb Bower, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} This is an appeal from an order of the Lucas County Court of Common Pleas denying a motion filed by You Walk Bail Bond Agency ("You Walk") for remittal of surety bond.  For the reasons that follow, we affirm the decision of the trial court.

{¶ 2} On August 23, 2013, Jesse Perez was indicted by the Lucas County Grand Jury on three felony and one misdemeanor drug charges. You Walk issued a surety bond in the amount of $25,000. A few weeks later, Perez failed to appear for a pretrial hearing. Forfeiture proceedings commenced. On December 30, 2013, bond was ordered forfeited. On January 1, 2014, Perez was found in Florida, arrested by U.S. Marshals, and returned to Ohio.

{¶ 3} You Walk filed a motion for remittal of surety bond pursuant to R.C. 2937.39. A hearing was held March 31, 2014. You Walk argued the state was not prejudiced because Perez was missing for a short period of time. You Walk further argued that its employees assisted in locating Perez.

{¶ 4} In response, the state cited public policy considerations in support of its argument that bail bond companies must be held responsible for their obligations in order to encourage adequate investigation into a defendant's background. The state stressed that You Walk typically spends only 10-15 minutes investigating a defendant and pointed to You Walk's slogan: "You Walk Bail Bonds, you call, you walk, every client, every time, no exceptions, no excuses."

{¶ 5} The trial court found that You Walk had not provided a legitimate basis for the court to grant remittal. You Walk appealed the decision and assigns the following error for our review:

2.

I. THE TRIAL COURT ABUSED ITS DISCRETION BY
FAILING TO REMIT ANY PORTION OF THE FORFEITED SURETY
BOND, AFTER IMPROPERLY WEIGHING THE FACTORS UNDER
[R.C.] 2937.39.

**{¶ 6}** You Walk contends that the trial court abused its discretion by ruling against the weight of the evidence presented at the remittal hearing.

**{¶ 7}** The reason for bail "is to ensure that the defendant appears at all stages of the criminal proceedings." *State v. Hughes*, 27 Ohio St.3d 19, 501 N.E.2d 622 (1986), citing Crim.R. 46(A). "By posting a bail bond, a surety guarantees that it will produce the accused in court when called." *State v. Am. Bail Bond Agency*, 129 Ohio App.3d 708, 715, 719 N.E.2d (10th Dist.1998). (Citations omitted.)

**{¶ 8}** R.C. 2937.39 provides: "After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or re-arrest of the accused on the charge, may remit all or such portion of the penalty as it deems just[.]" In *State v. Carter*, 6th Dist. Lucas No. L-05-1040, 2005-Ohio-6523, we explained that when analyzing motions to remit, courts examine:

1. The circumstances of the accused's reappearance;

2. The reason for the failure to appear;

3. The prejudice to the prosecution caused by the failure to appear;

4. Whether the surety took part in the capture of the defendant;

5. Mitigating circumstances; and

6. Whether justice requires the entire amount remain forfeited. *Id.* at ¶ 10-16. (Citations omitted.)

{¶ 9} An abuse of discretion requires more than an error of law or judgment; it implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). The reviewing court may not simply substitute its own judgment for that of the trial court; therefore, absent an abuse of discretion, the decision should be affirmed even if more or less of the bond could have been remitted. *Am. Bail Bond* at 715.

{¶ 10} After considering the evidence, the trial court determined that Perez had fled the state in order to avoid prosecution. The trial court found that Perez had been located in Florida by a federal marshal and that he was rearrested without significant assistance from You Walk. The trial court determined that the state was prejudiced because warrants were issued and court dates were missed.

{¶ 11} Upon review of the record, we find that the trial court did not abuse its discretion when it denied You Walk's motion. Accordingly, You Walk's sole assignment of error is not well-taken.

{¶ 12} For the reasons set forth above, we affirm the decision of the trial court. You Walk is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

4.

State v. Perez
C.A. No. L-15-1195

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                              JUDGE

Thomas J. Osowik, J.            

                                   _____
James D. Jensen, P.J.                          JUDGE
CONCUR.

                                   _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.