[Cite as *State v. Guzman*, 2017-Ohio-682.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO.  1-16-27

      v.

ROBERTO GUZMAN,

      DEFENDANT-APPELLEE.            O P I N I O N

[SCOTT ALLEN HUNTER d.b.a. ERIE
SHORE BAIL BONDS - APPELLANT].

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2015 0010

Judgment Affirmed

Date of Decision:   February 27, 2017

APPEARANCES:

    *Eric L. Lafayette* for Appellant

    *Jana E. Emerick* for Appellee, State of Ohio

**PRESTON, P.J.**

{¶1} Appellant, Scott Allen Hunter ("Hunter"), d.b.a. Erie Shore Bail Bonds ("Erie Shore") (as, "Surety") appeal the May 12, 2016 judgment of the Allen County Court of Common Pleas remitting $5,000 of a $150,000 bond. For the reasons that follow, we affirm.

{¶2} On February 12, 2015, the Allen County Grand Jury indicted defendant-appellee, Roberto Guzman ("Guzman"), on one count of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(e), a first-degree felony. (Doc. No. 5). After Guzman was indicted, a warrant was issued for his arrest and bond was set at $100,000. (Doc. No. 8). Guzman posted a $100,000 surety bond through Erie Shore as surety on May 4, 2015. (Doc. No. 63).

{¶3} On June 17, 2015, pursuant to a negotiated plea agreement, Guzman entered a plea of no contest to the indictment. (Doc. No. 70). That same day, the trial court accepted Guzman's plea and found him guilty. (Doc. No. 71). The trial court continued Guzman's bond and ordered a presentence investigation. (*Id.*). The trial court sentenced Guzman on July 27, 2015 to an eight-year mandatory prison term. (Doc. No. 76). That same day, the trial court set an appeal bond at $150,000. (Doc. No. 74). In addition to the $100,000 surety bond already posted, Guzman posted a $50,000 surety bond through Erie Shore as surety on July 29, 2015. (Doc. No. 77).

{¶4} On October 7, 2015, the trial court ordered Guzman's appeal bond be revoked because Guzman did not appeal the judgment entry of sentence. (Doc. No. 80). After an October 7, 2015 warrant for Guzman's arrest was cancelled on October 8, 2015 and unserved, the trial court scheduled a show-cause hearing for October 15, 2015. (Doc. Nos. 81, 82, 83). After Guzman failed to appear for the October 15, 2015 show-cause hearing, the trial court that same day ordered that Guzman's appeal bond be revoked and that Guzman be taken into custody to serve his sentence. (Doc. No. 84).

{¶5} The State filed a motion on October 16, 2015 seeking to have Guzman's bond forfeited. (Doc. No. 86). On October 19, 2015, the trial court scheduled a show-cause hearing for October 26, 2015 to provide "the defendant and/or the surety an opportunity to show cause why the bail bond should not be adjudged forfeit in open court pursuant to R.C. 2937.35." (Doc. No. 87). On October 26, 2015, after a forfeiture hearing, the trial court ordered Guzman's bond of $150,000 forfeited in whole. (Doc. No. 90). On December 21, 2015, the trial court entered a judgment against Surety in the amount of $150,000. (Doc. No. 97). On December 23, 2015, the trial court issued an "expanded, nationwide pick-up radius on the Bench Warrant issued on October 15, 2015." (Doc. Nos. 98, 99).

{¶6} On February 1, 2016, Surety filed a motion requesting relief from the bond forfeiture because Surety apprehended Guzman. (Doc. No. 102). After a

hearing on April 18, 2016, the trial court ordered on May 12, 2016 that $5,000 of the $150,000 be remitted to Surety. (Doc. No. 120).

**{¶7}** Surety filed its notice of appeal on June 7, 2016. (Doc. No. 122). It raises one assignment of error for our review.

## Assignment of Error

**The Trial Court Abused it's [sic] Discretion by Only Remitting $5,000.00 [sic] Expenses From the Surety(s) as Bond Remittance Pursuant to R.C. 2937.39.**

**{¶8}** In its assignment of error, Surety argues that the trial court abused its discretion by remitting only $5,000 of the $150,000 bond.

**{¶9}** "A trial court's ruling on a motion to remit a forfeited bond pursuant to R.C. 2937.39 is reviewed on appeal under an abuse of discretion standard." *State v. Dorsey*, 6th Dist. Lucas No. L-15-1289, 2016-Ohio-3207, ¶ 9, citing *State v. Hardin*, 6th Dist. Lucas Nos. L-03-1131, L-03-1132, and L-03-1133, 2003-Ohio-7263, ¶ 9 and *State v. Patton*, 60 Ohio App.3d 99, 101 (6th Dist.1989). *See also State v. Jackson*, 153 Ohio App.3d 520, 2003-Ohio-2213, ¶ 9 (3d Dist.). An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

**{¶10}** "In determining whether to remit some or all of a forfeiture, the court should consider (1) the circumstances of the accused's reappearance, (2) his or her reason for failing to appear, (3) the prejudice afforded the prosecution by the

accused's absence, (4) whether sureties helped return the defendant, (5) mitigating circumstances, and (6) whether justice requires that the entire amount remain forfeited." *Dorsey* at ¶ 10, citing *State v. Am. Bail Bond Agency*, 129 Ohio App.3d 708, 712-713 (10th Dist.1998) and *State v. Duran*, 143 Ohio App.3d 601, 604 (6th Dist.2001). "[W]hen considering a request for post-appearance bond remission pursuant to R.C. 2937.39, a trial court should balance the reappearance of the accused and the efforts expended by the surety to effectuate the reappearance against the inconvenience, expense, and delay suffered by the state and any other factors the court finds relevant." *Jackson* at ¶ 9.

{¶11} On appeal, Surety argues that the trial court improperly weighed the factors against it. That is, Surety argues that the trial court abused its discretion by not remitting the full $150,000 because Surety (1) quickly located and captured Guzman and (2) expended great effort in securing Guzman's appearance. Further, Surety contends that "the record clearly showed that the state was not inconvenienced, did not incur expenses, and did not suffer by result of the delay." (Appellant's Brief at 8).

{¶12} Simply disagreeing with a decision does not amount to an abuse of discretion. Indeed, Surety is asking this court to reweigh the evidence and substitute our judgment for that of the trial court—a tactic that is not permitted when reviewing

a trial court's decision for an abuse of discretion. *See State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

**{¶13}** Rather, the trial court considered the appropriate factors in its decision to remit $5,000 of the $150,000 bond. *See Am. Bail Bond Agency*, 129 Ohio App.3d at 715 ("Here, the trial court set forth and applied the appropriate factors to determine whether the facts warranted a complete or partial remission of the forfeited bail bond. In doing so, the trial court reached its decision by weighing, among other things, both [the defendant's] failure to appear at the preliminary hearing and the sureties' conduct in allowing the nonappearance to occur, against [the defendant's] apprehension and ultimate appearance."); *Dorsey*, 2016-Ohio-3207, at ¶ 12; *State v. Perez*, 6th Dist. Lucas No. L-15-1195, 2016-Ohio-848, ¶ 11. Weighing in favor of remittance, the trial court concluded that, even though Guzman's reappearance "was most certainly *not* voluntary," "the surety company was instrumental in securing the appearance of [Guzman]." (Emphasis sic.) (Doc. No. 120). In addition, the trial court found, "Hunter testified that he paid another entity $5,000 to help apprehend [Guzman]." (*Id.*).

**{¶14}** Weighing against remittance, the trial court addressed the inconvenience, expense, and delay suffered by the State. Although the trial court concluded that Guzman's "failure to appear did not affect the state's proof because [Guzman] had already been convicted and sentenced when he took off," the trial

court concluded that the State was prejudiced to the extent that it "had to file motions to forfeit the bond and the Court had to schedule and conduct several hearings to show cause and forfeit the bond when, all the while, [Guzman] was avoiding his mandatory sentence." (*Id.*). The trial court further weighed against remittance that "the surety did not include a reasonable investigation of [Guzman's] background or necessary and routine steps to ensure [Guzman's] reappearance" because "the surety's procedures were loosey-goosey at least *and grossly* negligent at worst." (Emphasis sic.) (*Id.*). *Compare Am. Bail Bond Agency*, 129 Ohio App.3d at 714, 715-716 (considering the surety's failure "follow their own procedures for posting bail bonds and grossly neglect[ing] their duty to conduct a reasonable investigation of [the defendant's] background and to take necessary and routine steps to ensure her appearance"). Finally, the trial court concluded that "justice demands the retention of a large portion of the forfeited bond." (Doc. No. 120).

{¶15} The trial court balanced "the circumstances of the reappearance of [Guzman] and the efforts expended by the surety to effectuate the reappearance against the inconvenience, expense, and delay suffered by the state," in addition to the other factors the trial court considered, and concluded that $5,000 of the $150,000 should be remitted to Surety. (*Id.*). After reviewing the record, we hold that the trial court's determination is not unreasonable, arbitrary, or unconscionable. *See Am. Bail Bond Agency*, 129 Ohio App.3d at 715; *Dorsey*, 2016-Ohio-3207, at ¶

12; *Perez*, 2016-Ohio-848, at ¶ 11. As such, the trial court did not abuse its discretion by remitting only $5,000 of the $150,000 bond.

**{¶16}** Surety's assignment of error is overruled.

**{¶17}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurs in Judgment Only.**

**SHAW, J.J., concurs.**

**/jlr**